FILED
SEP 29 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

GARY D. LAMPKINS, )
)
Petitioner, )
)
v. ) Case No. CIV 07-066-RAW-KEW
)
JESSE T. SUTTER, JR., Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections (DOC), challenges the revocation of his earned credits and other punishments resulting from a disciplinary conviction at the Avalon Corrections Center, a private halfway house in Tulsa, Oklahoma. He claims contraband was found inside headphones on his bunk in an open dormitory, but he was not guilty of the offense.

The respondent concedes that petitioner has exhausted his state remedies. The record shows that on August 5, 2005, petitioner was issued a disciplinary report for Possession of Contraband after prison staff searched his property on July 22, 2005. A drug detection dog alerted on petitioner's property, and cigarettes containing a green, leafy substance identified as marijuana were found in a set of headphones under the pillow on petitioner's assigned bed. During the investigation petitioner did not request any witnesses or offer any documentary evidence to the investigator. Petitioner told the investigator that the drugs did not belong to him, and he did not know how they got on his bed.

After the investigation was completed, a disciplinary hearing was held on August 9,

2005, with petitioner present at the hearing. He was found guilty of the offense, based on the officers' statements that the drug dog found the headphones containing what appeared to be marijuana under the pillow on petitioner's bunk. A photograph of the drugs also was considered as evidence. The hearing officer found petitioner guilty and imposed discipline, and the facility head reviewed and approved the decision on August 10, 2005. Petitioner appealed to the facility head and to the DOC Director, but he was denied relief on November 14, 2005. His Petition for Judicial Review in the state district court was denied on December 14, 2006, and his request for mandamus relief from the Oklahoma Court of Criminal Appeals was dismissed as untimely. *Lampkins v. Oklahoma Dep't of Corr.*, No. MA-2007-065 (Okla. Crim. App. Feb. 6, 2007).

Petitioner alleged in his administrative appeal that the headphones and drugs did not belong to him. He had been at the facility less than 48 hours and was at work in the kitchen when a fire alarm sounded, and he was ordered to exit the building immediately. Shortly afterward he was informed that the contraband had been found on the bunk assigned to him. Other inmates were present in his dorm, and he was away at his work assignment when the dorm search was conducted. He argued he did not own any headphones and questioned whether the property had his name or DOC number engraved on it. He believed that another inmate placed the headphones on his bed, and he contended he did not have control over another inmate's actions when he was not present in the open dorm. He was not allowed to view the headphones or drugs, and the alleged drugs were not field tested.

The DOC Director's Designee addressed his issues on appeal as follows:

> [A] drug dog pulled headphones off of your bunk and alerted to them. The headphones were searched and a green leafy substance was found inside them. This is sufficient evidence to support the charge, as you are responsible

for all items in your assigned area. Although a field test was not conducted on the substance, the fact that the drug dog alerted to the substance, along with the staff's documentation that the contraband was a green leafy substance that appeared to be marijuana, provided reasonable belief that the contraband was marijuana. It was not necessary to present the headphones as evidence, as the fact that the contraband was found on your bunk provided sufficient evidence to prove your possession. . . .

[Docket #9, Exhibit 3 at 7].

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours' advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). These minimal due process rights afforded a prisoner charged with a disciplinary infraction do not explicitly include a right to demand production of physical evidence. *See id.*, 418 U.S. at 563-72.[1] Procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In addition, petitioner has presented only conclusory allegations and speculation about what the production of the headphones might show.

---

[1] The Tenth Circuit has not held that *Brady v. Maryland*, 373 U.S. 83 (1963), is applicable to prison disciplinary hearings. *Godlock v. Fatkin*, 84 Fed. Appx. 24, 28 (Dec. 16, 2003), 2003 WL 22954301 (unpublished opinion). *But see Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (holding that "the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings").

3

After careful review of the record, the court finds the requirements of *Wolff* were met in petitioner's case. The inmate's right to view the physical evidence used by the disciplinary officer in determining guilt, however, is not included in *Wolff*. *Hoskins v. McBride*, 202 F.Supp. 2d 839, 845, *aff'd*, 66 Fed. Appx. 47, 2003 WL 1979141 (7th Cir. Apr. 28, 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-456 (citations omitted). Here, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 29th day of September 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE